IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. LEFT HAND

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JACOB W. LEFT HAND, APPELLANT.

Filed March 10, 2026.    No. A-25-557.

Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Affirmed.

William E. Madelung, of Madelung Law Office, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

RIEDMANN, Chief Judge, and BISHOP and WELCH, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

Jacob W. Left Hand appeals from his conviction and sentence in the district court for Scotts Bluff County, following a jury trial. Finding that the assignments of error that have been sufficiently stated fail, we affirm the judgment of the district court.

## BACKGROUND

On the night of October 9, 2024, A.R.B. and Left Hand were at the same residence. They were talking and consuming alcohol. Eventually, Left Hand and A.R.B. left the residence and began walking. Left Hand pulled A.R.B. into a shed, stood behind her, and inserted his penis into her vagina and anus. A.R.B. told Left Hand to stop, but he did not. Left Hand left the shed, the events were reported to police, and A.R.B. went to the hospital for a sexual assault examination. A.R.B. had bruises on her wrist, arm, knee, and leg. As part of the examination, swabs were taken

- 1 -

from A.R.B.'s vagina and anus. Left Hand was included as a contributor to the DNA found on those swabs.

Left Hand's version of events differed. He claimed that he had stopped to see A.R.B. because he had heard she had been assaulted and he wanted to check on her. The two of them visited on the porch and they consumed some alcohol. As he was leaving the residence, he told A.R.B. to stay, but she followed him. Left Hand remembered walking, and then he blacked out. When he came to, he was on the floor of the shed and A.R.B. was on top of him. Left Hand told A.R.B. to get off him, and when she did, he realized his pants were down. Left Hand pulled up his pants and left.

Left Hand was charged with first degree sexual assault. At trial, law enforcement officers, a nurse, a forensic scientist, and A.R.B. testified as described above. Left Hand testified and presented his version of events. The jury found Left Hand guilty. The district court accepted the jury's verdict and ordered a presentence investigation report. For his conviction of first degree sexual assault, a Class II felony, Left Hand received a sentence of 10 to 14 years' imprisonment. He was given credit for 285 days served.

## ASSIGNMENTS OF ERROR

Left Hand assigns, restated, that (1) the evidence was insufficient to support his conviction, (2) the sentence imposed was excessive and an abuse of discretion, and (3) his trial counsel was ineffective.

## STANDARD OF REVIEW

In reviewing a criminal conviction for sufficiency of the evidence, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*.

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Sutton*, 319 Neb. 581, 24 N.W.3d 43 (2025). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

Whether an assignment of error and accompanying argument is too vague to be sufficiently raised before the appellate court is a question of law. *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025).

## ANALYSIS

*Insufficient Evidence.*

Left Hand assigns that there was insufficient evidence to support his conviction. We disagree. Left Hand was convicted of first degree sexual assault. The State was required to put forth sufficient evidence such that a rational trier of fact could conclude that Left Hand subjected A.R.B. to sexual penetration without her consent. See Neb. Rev. Stat. § 28-319 (Reissue 2016).

At trial, A.R.B. testified that Left Hand pulled her into a shed and inserted his penis into her vagina and anus. Although they had had consensual sex weeks prior, A.R.B. testified that on this occasion, she did not consent and told Left Hand to stop. A.R.B. had bruises on her wrist, arm, knee, and leg. Left Hand was included as a contributor to DNA swabs taken from A.R.B.'s vagina and anus.

Although Left Hand presented a different version of events, which included a potential alternative explanation for A.R.B.'s bruising, this does not mean the State's evidence was insufficient. Rather, the jury was faced with two conflicting stories and made a credibility determination. In reviewing a criminal conviction for a sufficiency of the evidence claim, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *Hagens, supra*.

Viewing the evidence in the light most favorable to the prosecution, as we must on appeal, we find the evidence sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See *id*. This assignment of error fails.

*Excessive Sentence.*

Left Hand assigns that the sentence imposed was excessive and an abuse of discretion. We disagree. Left Hand was convicted of a Class II felony, which is punishable by a maximum sentence of 50 years' imprisonment and a minimum sentence of 1 year's imprisonment. Neb. Rev. Stat. § 28-105 (Supp. 2025). For his conviction of a Class II felony, Left Hand was sentenced to 10 to 14 years' imprisonment. This is within statutory limits, and we review for an abuse of discretion.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Sutton*, 319 Neb. 581, 24 N.W.3d 43 (2025). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

At the time of sentencing, Left Hand was 31 years old and had completed the ninth grade. He had prior convictions for disorderly conduct, obstructing a police officer, assault or threaten, third degree aggravated assault, disturbing the peace, and second degree criminal trespass. Left Hand was assessed as a very high risk to reoffend. He reported that he had violated a previous term of parole and had been sent back to prison.

At sentencing, the district court stated it had considered Left Hand's age, mentality, education, social and cultural background, past criminal record, motivation for the offense, and the amount of violence involved in the commission of the offense. The district court thought it significant that Left Hand had been convicted by a jury. It also referenced Left Hand's scores on

testing conducted for the presentence investigation report, including that he was shown to be a very high risk to reoffend.

On appeal, Left Hand argues that based on his age, prior record, and lack of prior sex offenses, a lesser sentence would have better served his interests and the interests of the community. Left Hand is asking this court to reweigh the sentencing factors, which we do not do. See *Sutton, supra*. Left Hand has not shown the district court's reasons were untenable or unreasonable, or that its action was clearly against justice or conscience, reason, and evidence. He has failed to show an abuse of discretion, and this assignment of error fails.

*Ineffective Assistance of Counsel.*

Left Hand assigns that his "trial counsel was ineffective." Brief for appellant at 3. This error is insufficiently assigned. Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. See *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019), *disapproved on other grounds*, *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025).

The assignment of error must, standing alone, permit an appellate court to determine if the claim can be decided upon the trial record and also permit a district court to later recognize that the claim was raised on direct appeal. See *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025). This requires a description of the specific conduct alleged to constitute deficient performance. *Id*. The argument section of the brief is to elaborate on these claims by discussing legal authority and its application to the trial record, not to set forth, for the first time, what the allegedly deficient act was. *Id*. Left Hand's assigned error that "trial counsel was ineffective" does not meet the specificity required for assigning error to trial counsel's performance on direct appeal. We therefore do not address this assigned error.

## CONCLUSION

We find the evidence was sufficient to support the conviction and that the sentence imposed was not an abuse of discretion. Left Hand has not properly assigned his claim of ineffective assistance of counsel, and we do not address it. We affirm the judgment of the district court.

AFFIRMED.